O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE SAID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ENCORE SENIOR LIVING<br>LLC; DOES 1-60<br>INCLUSIVE,<br><br>　　　　Defendants. | Case No. EDCV 11-01033 VAP (SPx)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE**<br><br>**[Motion filed on August 26, 2011]** |

　　Before the Court is a Motion to Dismiss ("Motion") filed by Defendant Encore Senior Living, LLC ("Defendant"). After considering the papers in support of, and opposition to, the Motion, the Court GRANTS Defendant's Motion.

**I. BACKGROUND**

Plaintiff Georgette[1] Said was an employee of Defendant. (Not. of Removal, Ex. A (Compl.) at 1.) While she was working for Defendant, the Internal Revenue Service ("IRS") sent Defendant a wage garnishment letter, dated October 25, 2010, and a Notice of Levy (collectively, "the WGL"). (Id.)[2]  The cover page of the WGL stated that the levy against Plaintiff "attache[d] the taxpayer's take-home pay," but that Plaintiff was "not entitled to the exemptions under section 6334(a)(9) of the Internal Revenue Code." (WGL at 2.) The Notice of Levy stated that the "excemptions [sic] referred to by Internal Revenue Code section 6334 are not allowed because of other income that is received by [Plaintiff and her husband]. What ever [sic] is normally paid to [Plaintiff] should be remitted to the Internal Revenue Service." (WGL at 1.) After listing the amount owed, the Notice of Levy states further,

---

[1] The precise spelling of Plaintiff's first name is unclear. In the caption of her complaint, Plaintiff spells her name "Georgett," whereas she spells it "Georgette" in the body of the complaint. (See Compl. at 1.) For consistency, the Court uses the spelling "Georgette."

[2] Plaintiff objects to the Court's reliance on the WGL, as it was not attached to the pleadings, but was instead included as an exhibit to the Declaration of Monica Hamblet ("Hamblet Decl.") in support of this Motion. (Doc. No. 11.) For the reasons set forth infra in Section III.A., the Court overrules Plaintiff's objection, and relies on the WGL to resolve the Motion.

```
        This levy requires you to turn over to us: (1)
        this taxpayer's wages and salary that have been
        earned but not paid, as well as wages and salary
        earned in the future until this levy is released,
        and (2) this taxpayer's other income that you have
        now or for which you are obligated.
```

(WGL at 1.)

After Defendant received the WGL, it garnished Plaintiff's entire "take home pay," vacation time, and "money allocated for healthcare." (Compl. at 1.) In so doing, Plaintiff contends, Defendant ignored the IRS's schedule for wage garnishment. (Id.) As a result, Plaintiff contends she received no compensation for the work she performed in violation of state and federal law. (See Compl. at 2.)

Accordingly, on March 16, 2011, Plaintiff filed a complaint against Defendant in the California Superior Court for the County of Riverside, alleging the following claims:

1. Violation of federal minimum wage law, 29 U.S.C. § 206;
2. Breach of Contract;
3. Violation of 29 U.S.C. § 215(a)(2);
4. Violation of Cal. Labor Code § 203;
5. Violation of Cal. Minimum Wage Law.

Defendant removed the complaint to this Court on July 5, 2011.

3

1    On August 26, 2011, Defendant filed this Motion, the
2 Hamblet Declaration, and an Appendix of Non-Local
3 Authorities.  (Doc. No. 10.)  On October 11, 2011,
4 Plaintiff filed her Opposition, and on October 18, 2011,
5 Defendant filed its Reply.  (Doc. Nos. 22, 24.)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989).  The only significant difference is that a 12(c) motion is properly brought "after the pleadings are closed -- but early enough not to delay trial."  Fed. R. Civ. P. 12(c); <u>Dworkin</u>, 867 F.2d at 1192; <u>see</u> William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, <u>Federal Civil Procedure Before Trial</u> § 9:319-323.

As a general matter, the Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  <u>Conley v. Gibson</u>,

4

1  355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2));
2  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
3  Under the Rule 12(b)(6) pleading standard, a plaintiff
4  must set forth allegations that create a "plausible"
5  entitlement to relief.  Twombly, 550 U.S. at 557, 570.
6  "A pleading that offers 'labels and conclusions' or 'a
7  formulaic recitation of the elements of a cause of
8  action' does not satisfy [Rule] 8 and is subject to
9  dismissal."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct.
10 1937, 1949 (2009) ("The plausibility standard is not akin
11 to a 'probability requirement,' but it asks for more than
12 a sheer possibility that a defendant has acted
13 unlawfully.  Where a complaint pleads facts that are
14 'merely consistent with' a defendant's liability, it
15 stops short of the line between possibility and
16 plausibility of 'entitlement to relief.'") (citing
17 Twombly, 550 U.S. at 557, 570).

19     Judgment on the pleadings is proper only when there
20 is no unresolved issue of fact and no question remains
21 that the moving party is entitled to a judgment as a
22 matter of law.  Torbet v. United Airlines, Inc., 298 F.3d
23 1087, 1089 (9th Cir. 2002).  The court must assume the
24 truthfulness of all material facts alleged and construe
25 all inferences reasonably to be drawn from the facts in
26 favor of the responding party.  Hal Roach Studios, Inc.
27 v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.

1990).  Although the scope of review is limited to the contents of the complaint, the court may also consider exhibits submitted with the complaint, <u>id.</u> at 1555 n.19, and "take judicial notice of matters of public record outside the pleadings," <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988).

   If a court concludes dismissal is appropriate, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme liberality."  <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).  In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment – leave sought should be "freely given."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment.  <u>Id.</u>

**III.   DISCUSSION**

**A.   Reliance on Documents Outside the Pleadings**

The parties dispute whether the Court may consider the WGL, as it is a document not contained in the parties' pleadings, but was instead introduced as an exhibit to Ms. Hamblet's Declaration.  "Certain written instruments attached to pleadings may be considered part of the pleading."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citing Fed. R. Civ. P. 10(c)).  "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  Id. (citations omitted); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 323 (2007) (noting that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . ."); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds in Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002)) ("We have said that a document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned.").

7

1    Further, the Ninth Circuit has "extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."  Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010) (citing, inter alia, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005)).  Numerous district courts in this circuit have applied the "incorporation by reference" doctrine to motions under Rule 12(c).  See, e.g., In re Novatel Wireless Sec. Litig., __ F. Supp. 2d __, 2011 WL 5873113, *8 (S.D. Cal. 2011); Delgado v. United Facilities, Inc., No. 2:11-cv-00485-MCE-DAD, 2011 WL 1586475, *1 n.4 (E.D. Cal. Apr. 22, 2011); Shepard v. Miler, No. CIV. 2:10-1863 WBS JFM, 2010 WL 5205108, *2 (E.D. Cal. Dec. 15, 2010); Rice v. Ralphs Foods, No. C 09-02650 SBA, 2010 WL 5017118, *3 (N.D. Cal. Dec. 3, 2010); Tumlinson Grp., Inc. v. Johannessen, No. 2:09-cv-1089 JFM, 2010 WL 4366284, *3 (E.D.Cal. Oct. 27, 2010).

     The Court finds that Plaintiff's Complaint incorporates the WGL by reference, and that the Court may therefore rely upon it in resolving this Motion.  Here, Plaintiff's Complaint states:

> The IRS sent a wage garnishment to [Defendant] which [sic] at the time was the employer of [Plaintiff]. The IRS requested that [Defendant] give them all of [Plaintiff's] "take home pay." [Defendant] took it one step further gave [sic] the IRS all her "take home pay," vacation time which [sic] was not due at the time and was not requested, and money allocated for health care, which is not part of her take home pay. IRS has a pay schedule for garnishments which [sic] [Defendant] ignored.

(Compl. at 1:22-27.) Plaintiff therefore alleges the contents of the WGL in her Complaint, and necessarily relies upon the WGL in asserting Defendant failed to follow the WGL's instructions when garnishing her wages. Moreover, neither party disputes the WGL's authenticity, or that it is relevant to this case. Accordingly, the Court may rely upon the WGL in resolving Defendant's Motion under Rule 12(c). Coto Settlement, 593 F.3d at 1038; Novatel, 2011 WL 5873113, at *8; see also McDowell v. Norfolk S. Corp., No. 2:06-CV-00038D, 2007 WL 2815743, *3 (E.D.N.C. Jan. 24, 2007) (considering a Notice of Levy introduced in the defendants' motion to dismiss where the plaintiff's "entire claim [was] based on the Notice").

**B.   "Immunity" Under 26 U.S.C. § 6332(e) and "Wages" Under § 6334**

Defendant moves to dismiss Plaintiff's Complaint because it contends: (1) Plaintiff's vacation time and "money allocated for healthcare" are "wages" that may be garnished; (2) if the vacation time and healthcare funds are not wages, the Notice of Levy required Defendant

9

garnish more than Plaintiff's "wages;" and (3) 26 U.S.C. § 6332(e) immunizes Defendant from any liability arising out of its compliance with an IRS notice of levy.

### a. Funds Garnished

Defendant contends that Plaintiff's vacation time and healthcare funds are "wages" that may be garnished under the Notice of Levy. Plaintiff asserts that Defendant garnished her pay improperly because these funds do not constitute "wages."

"[I]n the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property. This follows from the fact that the federal statute creates no property rights but merely attaches consequences, federally defined, to rights created under state law." United States v. Nat'l Bank of Commerce, 472 U.S. 713, 723 (1985) (internal quotations and citations omitted); accord Aquilino v. United States, 363 U.S. 509, 513 (1960) ("[I]n the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property."). Accordingly, the Court must determine whether Plaintiff's "vacation time" and "money allocated for healthcare" are wages under California law.

In Suastez v. Plastic Dress-Up Co., 31 Cal. 3d 774 (1982), the California Supreme Court held that "vacation pay is simply a form of deferred compensation," and is "in effect, additional wages for services performed." 31 Cal. 3d at 779-80. More recently, the court reaffirmed its holding in Suastez, stating that California law construes

> the term "wages" broadly to include not only the periodic monetary earnings of the employee but also the other benefits to which he is entitled as a part of his compensation. [Citation] Courts have recognized that "wages" also include those benefits to which an employee is entitled as a part of his or her compensation, including money, . . . vacation pay, and sick pay.

Schachter v. Citigroup, Inc., 47 Cal. 4th 610, 618 (2009) (internal citation and quotations omitted) (emphasis added). Hence, under California law, Plaintiff's vacation time constitutes "wages." Schachter, 47 Cal. 4th at 618.

Further, under California law, "wages" include compensation for health benefits. See People v. Alves, 155 Cal. App. 2d Supp. 870, 872 (1957) ("There is no doubt that payments to a health or welfare fund made as part of the compensation for services rendered by employees are wages as that word is used in the foregoing [California Supreme Court case]."); Road Sprinkler Fitters Local Union No. 669 v. G & G Fire Sprinklers, Inc., 102 Cal. App.4th 765, 781 (2002) (citing Alves and holding "'[w]ages' include health benefits"); see also

Sturgeon v. Cnty. of L.A., 167 Cal. App. 4th 630, 647 (2008) (noting the continuing validity of Alves). Accordingly, as both Plaintiff's vacation time and healthcare funds are "wages" under California law, Defendant did not garnish Plaintiff's wages improperly by including those funds.

Plaintiff argues, however, that under the Internal Revenue Code, 26 U.S.C. § 3401, the term "wages" does not include vacation time or pre-tax benefits such as Plaintiff's healthcare funds. (Opp'n at 2.) Plaintiff's argument lacks merit. By its own language, § 3401 defines wages "[f]or purposes of this chapter" only, i.e., Chapter 24 of Title 26. 26 U.S.C. § 3401(a). Chapter 24 includes §§ 3401 through 3406. It does not, however, include the provisions at issue here, which are contained in Chapters 63 (Assessment) and 64 (Collection). Accordingly, the definition provided in § 3401 does not apply here.

The Court finds, therefore, that the funds Defendant garnished were "wages." As the Court finds that Plaintiff's vacation time and healthcare funds are "wages" under California law, it need not reach Defendant's second argument; i.e., that garnishing those funds was proper because the Notice of Levy required Defendant garnish more than Plaintiff's "wages."

**b. Immunity Under 26 U.S.C. § 6332(e)**

With certain exceptions inapplicable here, under the Internal Revenue Code, any person who is "in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary . . . ." 26 U.S.C. § 6332(a). A person who fails to surrender the property subject to levy is "liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, . . . together with costs and interest on such sum . . . ," and is also liable for a penalty equal to 50 percent of that amount. 26 U.S.C. § 6332(d). "[A] refusal to honor the levy [is] at the third person's own risk." Farr v. United States, 990 F.2d 451, 456 (9th Cir. 1993).

"Of course, a third person put in that position might well complain that he is being forced to negotiate between the Scylla of IRS fury and the Charybdis of taxpayer vengeance every time a levy is made. Congress in its wisdom has made some provision for that difficulty." Id. Accordingly, under 26 U.S.C. § 6332(e), a person who "surrenders such property or rights to property . . . to the Secretary" is "discharged from any obligation or liability to the delinquent taxpayer and any other person

13

with respect to such property or rights to property arising from such surrender or payment." Id. (quoting 26 U.S.C. § 6332(e)).

Courts have interpreted the statutory immunity in § 6332(e) to provide that if a third party honors a levy, that party is "discharged from any obligation or liability to the delinquent taxpayer with respect to such property." Nat'l Bank of Comm., 472 U.S. at 721. Hence, for third parties that comply with a Notice of Levy, "§ 6332(e) provides the third party an absolute defense against <u>any subsequent claim</u> by a delinquent taxpayer or any other person." United States v. Hemmen, 51 F.3d 883, 887-88 & n.3 (9th Cir. 1995) (emphasis added).

Here, Defendant complied with the Notice of Levy, and garnished Plaintiff's pay in accordance with the notice. Defendant is therefore statutorily immune from "any subsequent claim" arising out of its actions. Thus, Plaintiff cannot maintain her claims against Defendant.

Plaintiff nevertheless contends that Defendant had a duty as Plaintiff's employer to "inquire as to the validity of the IRS request," including the provision in the notice stating Plaintiff did not qualify for any exemptions under § 6334. (Opp'n at 2; WGL at 1.) Defendant had no such obligation.

 1     Once the IRS served a Notice of Levy on Defendant, it
 2 "had a legal obligation under § 6332(a) to turn over to
 3 the IRS [Plaintiff's] [income]; [Defendant] could not
 4 challenge the validity of the levy." Moore v. Gen.
 5 Motors Pension Plans, 91 F.3d 848, 851 (7th Cir. 1996);
 6 Farr, 990 F.2d at 456 (noting that § 6332(e) saves a
 7 third person served with a levy from being "forced to
 8 negotiate between the Scylla of IRS fury and the
 9 Charybdis of taxpayer vengeance"); see also Schiff v.
10 Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985)
11 (holding that a dispute relating to the underlying tax
12 assessment does not alter the obligation to honor the
13 levy and noting that "arguments challenging tax levy are
14 more appropriately brought in an action against the
15 government"); accord Nat'l Bank of Commerce, 472 U.S. at
16 727 ("a bank served with a notice of levy has two, and
17 only two, possible defenses for failure to comply with
18 the demand: that it is not in possession of the property
19 of the taxpayer, or that the property is subject to a
20 prior judicial attachment or execution."). Accordingly,
21 as Defendant had no obligation to "inquire as to the
22 validity of the IRS request," Plaintiff's contention
23 lacks merit. (Opp'n at 2.)

25     Additionally, Plaintiff contends that Defendant
26 should have inquired about the validity of the Notice of
27 Levy because the notice stated Plaintiff did not qualify

for an exemption under § 6334.  In addition to the reasons set forth above, this contention lacks merit as it contravenes the governing federal regulations.  Under those regulations, where, as here, the Notice of Levy states that "no amount of the taxpayer's wages, salary, or other income is exempt from levy," the employer "may rely on such notification in paying over amounts pursuant to the levy."  26 C.F.R. § 301-6334-2.  Hence, Defendant was entitled to rely on the IRS's determination that Plaintiff did not qualify for an exemption under § 6334.

    Accordingly, as Defendant is immune under § 6332(e), and as Plaintiff's arguments to the contrary all fail, the Court GRANTS Defendant's Motion.

### IV.  CONCLUSION

    As Defendant complied with the Notice of Levy, it is statutorily immune from suit under § 6332(e).  Further, as Plaintiff's complaint is based entirely on Defendant's compliance with the Notice of Levy, and as Defendant enjoys immunity for complying with the notice, the Court finds that it is "absolutely clear" amendment would be futile here.  See Sands v. Lewis, 886 F.2d 1166, 1168 (9th Cir. 1989) (dismissal of a pro se complaint without leave to amend is proper where it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment").  The Court therefore GRANTS Defendant's


Motion and DISMISSES Plaintiff's Complaint WITH PREJUDICE.

Dated: February 24, 2012

      *Virginia A. Phillips*
      VIRGINIA A. PHILLIPS
      United States District Judge